958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Neal MORSE, Defendant-Appellant.
 No. 91-10218.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1992.*
Decided March 17, 1992.
 
 1
 Before FARRIS and RYMER, Circuit Judges, and KENYON, District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 Terry Morse appeals his conviction on two counts of interstate transportation of stolen motor vehicles in violation of 18 U.S.C. § 2312. He argues that the district court improperly instructed the jury that possession of recently stolen property, if unexplained, permits an inference that Morse participated in the theft. We disagree, and affirm.
 
 
 4
 Morse argues that the instruction allowed the jury to infer that he had engaged in another crime or bad act in violation of Fed.R.Evid. 404. While Morse objected to the instruction, he did not object to evidence from which it could be inferred that he had stolen the cars.[1] We therefore decline to consider whether admissibility of such evidence satisfied the four-part test set out in United States v. Spillone, 879 F.2d 514, 518 (9th Cir.1989), cert. denied, 111 S.Ct. 173, 210 (1990). In any event, the inference allowed by the instruction--that Morse participated in stealing the vehicles--does not tend only to show propensity; rather it goes to show that he knew the vehicles were stolen and had a motive for driving them across state lines. See Fed.R.Evid. 404(b) (evidence of other crimes or bad acts is admissible to show knowledge, intent, or motive).
 
 
 5
 Morse also argues that the instruction erroneously caused the jury to conclude that he had stolen the vehicles, based on possession of recently stolen property, when he was not charged with theft, and that the instruction improperly shifted the burden of proof to him to explain away the inference. We rejected a similar argument in Glavin v. United States, 396 F.2d 725, 729-30 (9th Cir.), cert. denied, 393 U.S. 926 (1968). See also United States v. Martinez, 436 F.2d 12, 15 (9th Cir.1970) (approving instructions describing inferences "similar" to those in Glavin where defendant was charged with interstate transportation of stolen automobiles), cert. denied, 401 U.S. 959 (1971).
 
 
 6
 In any event, even if it were error to give the instruction when Morse was not charged with theft, see United States v. Nalley, 455 F.2d 259 (6th Cir.1972), it would be harmless in view of the substantial evidence connecting Morse to the interstate transportation of vehicles that were stolen.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable David V. Kenyon, District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 For example, each stolen car was found near where Morse was staying; the ignition systems had been removed and dent pullers were found in each car; and Morse's fingerprints were recovered from both vehicles